IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BENNIE FRANK LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:09cv809-MHT |
| | ) | (WO) |
| RICARDO RANDLE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Now pending before the court is the defendants' motion to dismiss (doc. # 15) and the plaintiff's motion for rebuttal (doc. # 17). On February 4, 2010, the defendants filed a motion to dismiss (doc # 15) premised on FED. R. CIV. P. 12(b)(1), asserting that the doctrine of sovereign immunity[1] and federal law deprive this Court of subject matter jurisdiction over the plaintiff's claim.

Federal courts are courts of limited jurisdiction, and it is a basic premise of federal court practice that the court must have jurisdiction over the subject matter of the action before it can act. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). As such, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction at

---

[1]Because the motion to dismiss can be resolved on statutory grounds, it is unnecessary for the court to reach the immunity issue.

1

the earliest possible point in the proceeding. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990).

The plaintiff complains that the Department of Veterans Affairs has failed to repay him $1,132.34 in overpaid disability benefits that the Board of Veterans Appeals directed the Department to repay, and he seeks to recoup the overpayment. The plaintiff's claim is directly related to his veterans' disability benefits. As amended by the Veterans Judicial Review Act, Pub.L. No. 100-687, 102 Stat. 4105 (1988) ("VJRA"), the Veterans' Benefits Act of 1957, Pub.L. No. 85-56, 71 Stat. 83, precludes judicial review in Article III courts of VA decisions affecting the provision of veterans' benefits. 38 U.S.C. § 511(a). *See also Hall v. U.S. Dept. Veteran's Affairs*, 85 F.3d 532 (11th Cir. 1996); *Larrabee v. Derwinski*, 968 F.2d 1497, 1499-1501 (2nd Cir. 1992) (detailing history of veterans' benefits legislation). In short, it appears that this court lacks jurisdiction over the plaintiff's complaint. The exclusive avenue for redress of veterans' benefits determinations is appeal to the Court of Veterans Appeals and from there to the United States Court of Appeals for the Federal Circuit. *See* 38 U.S.C. §§ 511, 7252, 7292. Accordingly, it is

ORDERED that the plaintiff's motion for rebuttal (doc. # 17) be and is hereby GRANTED and **that on or before March 4, 2010**, the plaintiff shall show cause why this case should not be dismissed for lack of subject matter jurisdiction. **The plaintiff is advised that if he fails to respond to this order with specificity, the court will treat his failure to**

**respond as an abandonment of the claims set forth in his complaint. The plaintiff is further cautioned that if he fails to file a response in accordance with the directives of this order, the undersigned will recommend that this case be dismissed.**

Done this 18th day of February 2010.

                                          /s/Charles S. Coody
                                    CHARLES S. COODY
                                    UNITED STATES MAGISTRATE JUDGE